UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**THE NEWSPAPER GUILD/CWA OF ALBANY, TNG/CWA, AFL-CIO-CLC,**

              Plaintiff,              1:09-cv-764
                                                      (GLS\DRH)

       v.

**HEARST CORPORATION,** d/b/a
**CAPITAL NEWSPAPER DIVISION, THE HEARST CORPORATION,**

              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Barr, Camens Law Firm | BARBARA L. CAMENS, ESQ. |
| 1025 Connecticut Avenue, N.W. | QUINN PHILBIN, ESQ. |
| Suite 712 | |
| Washington, DC 20036 | |
| | |
| Pozefsky, Bramley Law Firm | WILLIAM POZEFSKY, ESQ. |
| 90 State Street | |
| Suite 1405 | |
| Albany, NY 12207 | |
| | |
| **FOR THE DEFENDANT:** | |
| Proskauer, Rose Law Firm | ELISE M. BLOOM, ESQ. |
| One International Place | MARK W. BATTEN, ESQ. |
| 22nd Floor | |
| Boston, MA 02110 | |

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff The Newspaper Guild/CWA of Albany, AFL-CIO-CLC, commenced this action against defendant The Hearst Corporation, doing business as The Capital Newspaper Division, The Hearst Corporation, seeking to compel arbitration under a collective bargaining agreement. (*See* Compl., Dkt. No. 1:2.) On June 11, 2010, this court denied Hearst's motion for summary judgment, granted the Guild's motion for summary judgment, and ordered the parties to submit the matter to arbitration. (Dkt. No. 31.) Pending is Hearst's motion to stay enforcement of that order pending appeal to the Second Circuit Court of Appeals.[1] (Dkt. No. 35.) For the reasons that follow, Hearst's motion is denied.

### **II. Discussion**[2]

In deciding whether to grant a stay pending appeal, the court must

---

[1]Additionally pending is Hearst's motion for leave to file a reply to the Guild's opposition. (*See* Dkt. No. 39.) In light of the issues at hand and the parties' interest in fully briefing these issues, the court grants the motion and will receive Hearst's reply papers.

[2]For a full discussion of the facts, the court refers the parties to its June 11, 2010 Memorandum-Decision and Order. (*See* June 11, 2010 Order at 2-6, Dkt. No. 31.)

2

consider four factors:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted); *see, e.g.*, *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 251 (N.D.N.Y. 2002). These factors are to be applied flexibly rather than mechanically, mindful of the particular facts and equities of the case. *See Morgan Guar. Trust Co. of N.Y. v. Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y. 1988). Accordingly, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the appellant] will suffer absent the stay ... [such that] more of one excuses less of the other." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (internal quotation marks and citations omitted).

   Here, Hearst has failed to demonstrate sufficient grounds for a stay. First, as to the question of arbitrability, the court has already found that resolution of that question favors the Guild's position that the dues checkoff issue should be submitted to arbitration. (*See generally* June 11, 2010 Order, Dkt. No. 31.) Moreover, since the court's holding was largely based

3

on the nature of the Collective Bargaining Agreement's arbitration clause, the dues checkoff clause, and the unique factual circumstances, it is of little moment that the issues presented on appeal may technically be of "first impression." (*See* Def. Mot. at 5, Dkt. No. 35.)  Second, the court is disinclined to find that Hearst will be irreparably harmed without a stay. Rather, Hearst retains its rights to object to arbitrability in the arbitration proceeding and to dispute arbitrability during the enforcement proceeding. And depending on the outcome of the arbitration, Hearst may either seek to enforce or annul the arbitration decision.  *See Camping Constr. Co. v. Dist. Council of Iron Workers*, 915 F.2d 1333, 1349 (9th Cir. 1990) ("[T]he party objecting to arbitration might well suffer no harm at all ... for the arbitration panel might decide in its favor.").  Insofar as Hearst's irreparable harm allegation is premised on either delay or the incurrence of arbitration expenses, such concerns cannot constitute irreparable injury.[3]  *See id.*; *see also FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980); *AT&T Broadband, LLC v. Int'l Bhd. of Elec. Workers*, 317 F.3d 758, 762 (7th Cir. 2003).  Third, although it is unlikely that the issuance of a stay will

---

[3]While somewhat novel, Hearst's attempt to equate its status with the doctrine of qualified immunity is misplaced and unconvincing. (*See* Def. Reply at 4-5, Dkt. No. 39:1.)

4

substantially injure the Guild, the court does appreciate the impact that delay has had and continues to have on the Guild regarding its receipt of dues checkoff revenues.  (*See* Pl. Opp'n at 11-12, Dkt. No. 38.)  Lastly, notwithstanding the cardinal doctrine of consent or the policy favoring arbitration, the court treats as neutral the fourth factor, the public interest.

Ultimately, because the *Hilton* factors weigh predominantly against granting a stay, the court denies Hearst's motion.

### III.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Hearst's motion for leave to file a reply (Dkt. No. 39) is **GRANTED**; and it is further

**ORDERED** that Hearst's motion to stay enforcement pending appeal (Dkt. No. 35) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 8, 2011
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge